ALD-100                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-2489
_____

JOSHUA I. PAYNE,
                                             Appellant

v.

JOHN/JANE DOE, Administrator of Religion &
Volunteer Services;  K. Z. WIERZYNA, DSCS;
JOHN/JANE DOE, CCPM; LARRY O. MILLS, FCPD;
ADBEED RASHEED; MUSLIM IMAN MCGEE, Supervisor
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3-12-cv-02243)
District Judge: Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 7, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Filed: January 12, 2016)

_____

OPINION[*]

_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Joshua I. Payne appeals from an order of the District Court granting summary judgment to the defendants. For the reasons that follow, we will summarily affirm in part, and vacate and remand in part.

Payne, a Salafi Muslim who was incarcerated in the Special Management Unit ("SMU") at the State Correctional Institution-Camp Hill, filed a civil rights action, 42 U.S.C. § 1983, in the United States District Court for the Middle District of Pennsylvania against numerous defendants. He alleged violations of his federal constitutional rights under the First, Fourteenth and Eighth Amendments, as well as a violation of his religious rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, et seq. Payne sought declaratory and injunctive relief and money damages from each of the defendants in his or her individual and official capacities.

Specifically, Payne alleged that the defendants placed a substantial burden on the exercise of his religious beliefs during Ramadan in 2012. He alleged that, by refusing to provide him with Ramadan evening meals and sahur bags (a cold breakfast meal in a brown bag for predawn consumption) that also accommodated his lactose intolerance and allergies to onions and tomatoes, he was forced to choose between a religious diet containing some foods he was unable to eat or a therapeutic diet delivered at times when his religious beliefs required him to fast. Payne alleged that, initially, over the first three days of Ramadan, he received his therapeutic meal tray in the evening, after sunset, at the same time as the other Muslim inmates received their regular Ramadan meal trays. On July 23, 2012, however, he received a regular Ramadan meal tray instead of his

2

therapeutic meal. The regular Ramadan meal tray contained foods he was unable to eat due to his food allergies and lactose intolerance. When he made inquiries with the prison guards, he was told that the kitchen would no longer be sending him a therapeutic meal tray during Ramadan.

Payne filed a grievance through the prison grievance system. As a result, his therapeutic diet was reinstated but the prison declined to deliver it after sunset. For the remainder of the month of Ramadan, Payne received his therapeutic meal trays at the usual meal times, during the daylight hours when he was fasting. He thus had to hold the trays of food until after sunset, when he was permitted to break his fast. Payne chose to return his food trays uneaten, and subsisted on his daily sahur bag alone for the remainder of Ramadan.

The defendants moved for summary judgment, Fed. R. Civ. Pro. 56(a), and submitted documents in support of their motion, including copies of Payne's prison grievances, a Declaration from Marcia Noles, Chief of the Food Services Division for the Pennsylvania Department of Corrections ("DOC"), which outlined the DOC's efforts to feed 51,000 inmates with a variety of special dietary needs; and a 2012 policy memorandum on the observance of Ramadan, which was authored by Reverend Ulli Klemm, the Religion, Volunteer & Recreational Services Program Administrator for the DOC, and which stated that prison food services would not change the Ramadan evening meals or sahur bags to accommodate inmates who have allergies to certain foods or who receive therapeutic diets. The defendants argued that declining to accommodate the unique dietary requirements of individual inmates by providing tailored therapeutic diets

3

for all religious feasts serves a legitimate penological interest. They argued that, to accommodate these inmates would significantly complicate the DOC's food service system and require additional staff. Payne opposed summary judgment.

The Magistrate Judge filed a Report and Recommendation, recommending that the complaint for damages be dismissed against the defendants in their official capacities as barred by the Eleventh Amendment; and that three of the defendants be dismissed for lack of any personal involvement in the alleged federal violations, see, e.g., Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). But the Magistrate Judge recommended that Payne's claims under § 1983 and RLUIPA against Reverend Klemm in his official capacity, and his First, Fourteenth and Eighth Amendment damages claims under § 1983 against Reverend Klemm, Deputy Superintendent Kathleen Zwierzyna, Imam Adeeb Rasheed, and Food Service Manager Eloise Magee in their individual capacities, proceed to trial.[1] The Magistrate Judge further concluded that the defendants had not shown entitlement to summary judgment on their defense of qualified immunity.

Payne and the remaining defendants filed Objections to the Report and Recommendation. In an order entered on January 12, 2015, the District Court overruled Payne's objections, sustained the remaining defendants' objections, adopted in part and rejected in part the Report and Recommendation, and granted summary judgment to the defendants. The Court agreed with the Magistrate Judge's Eleventh Amendment analysis and recommendation of dismissal of certain defendants for lack of any personal

---

[1] The Magistrate Judge determined that Payne's Fourteenth Amendment claim was coterminous with his First Amendment claim and thus that it did not require separate discussion.

4

involvement in the alleged federal violations, but disagreed with the recommendation that Payne's First, Fourteenth and Eighth Amendment and RLUIPA claims proceed to trial.

Payne appeals. We have jurisdiction under 28 U.S.C. § 1291.[2] Our Clerk granted Payne leave to appeal in forma pauperis and advised the parties that the appeal was subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B) or summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. Payne has submitted a motion for appointment of counsel.

We will summarily affirm in part, and vacate and remand in part. Summary action is appropriate where no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Summary judgment is proper where there is no genuine issue of material fact to be resolved and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). We agree with the District Court's Eleventh Amendment analysis and dismissal of three defendants for lack of any personal involvement in the alleged federal violations. We agree that there was no triable issue with respect to whether the Eighth Amendment was violated. Payne offered no support for his assertion that the defendants were deliberately indifferent to his health and

---

[2] Payne did not file his notice of appeal until June 12, 2015, but if the District Court's January 12, 2015 Order contravenes Rule 58(a)'s separate document requirement, then it would not be deemed entered until 150 days later, see Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii). An order satisfies the separate document requirement if it meets three criteria. It must: (1) be self-contained and separate from the opinion; (2) note the relief granted; and (3) omit (or at least substantially omit) the District Court's reasons for disposing of the parties' claims. See In re Cendant Corp. Sec. Litig., 454 F.3d 235, 241 (3d Cir. 2006). The District Court's order falls short at the first and third steps, and thus it is deemed entered 150 days after January 12, 2015. Federal Rule of Appellate Procedure 4(a)(1)(A) provides that a notice of appeal be filed within 30 days after entry of judgment. Payne's June 12, 2015 notice of appeal was timely filed.

nutritional needs. Providing meals that only accommodate either a prisoner's allergies or his religious beliefs but not both is not a deprivation of the "'minimal civilized measure of life's necessities,'" Farmer v. Brennan, 511 U.S. 825, 834 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).

We agree with the District Court's First Amendment analysis. "Inmates clearly retain protections afforded by the First Amendment, including its directive that no law shall prohibit the free exercise of religion." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (citation omitted). However, an inmate only "retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system." Pell v. Procunier, 417 U.S. 817, 822 (1974). To determine whether a regulation infringing upon constitutional rights is reasonable, courts apply the four factors set forth in Turner v. Safley, 482 U.S. 78 (1987). These factors require courts to consider: (1) whether the regulation bears a 'valid, rational connection' to a legitimate and neutral government objective; (2) "whether there are alternative means of exercising the right that remain open to prison inmates;" (3) "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally;" and (4) "the absence of ready alternatives." Id. at 89-90 (citations omitted). See also Fraise v. Terhune, 283 F.3d 506, 513-14 (3d Cir. 2002).

Here, the summary judgment record showed that Payne did not lack alternative means of observing Ramadan. Either of the alternatives offered by the defendants -- receiving the regular Ramadan meal tray and avoiding those foods with cheese, onions

6

and tomatoes, or receiving his therapeutic meal trays at the usual time and retaining them in his cell for several hours until after the fast ended at dusk – were sufficient to both accommodate his religious practices and provide him with a nutritionally adequate diet. As the District Court noted, the Ramadan menu that Payne submitted with his brief in opposition to summary judgment did not show that cheese, onions, or tomatoes were so preponderant as to render the Ramadan meals nutritionally inadequate. Accordingly, summary judgment in favor of the remaining defendants on Payne's First Amendment claim was proper.

We will, however, vacate that part of the District Court's order granting summary judgment on Payne's RLUIPA claim, and remand for further consideration in light of the Supreme Court's January 20, 2015 decision in Holt v. Hobbs, 135 S. Ct. 853 (2015). The District Court, in awarding summary judgment on the RLUIPA claim, reasoned that Payne "could either accept the Ramadan menu and be unable to eat certain pieces of the concomitant non-therapeutic meals to which he was allergic, or he could accept his therapeutic meals and wait to eat them until after sundown, though they may have become cold and unappetizing." District Court Order, at 4. The Court went on to say that this choice did not pressure Payne to substantially modify his behavior, and even if the behavioral modifications could be considered substantial, "the prison's policy of not doubly accommodating inmates by tailoring Ramadan meals to each adherent's particular dietary needs is clearly the least restrictive means of fulfilling its compelling interest in administering an efficiently functioning food system for tens of thousands of inmates." Id. at 5.

7

Holt, however, reaffirms that RLUIPA was passed to provide "greater protection" for religious liberty than is provided by the First Amendment. 135 S. Ct. at 863. In applying Holt, courts must be careful not to import reasoning from cases such as Turner involving First Amendment rights. Id. Where the prisoner meets his burden of showing that the prison's policy substantially burdened his exercise of religion, see generally Schlemm v. Wall, 784 F.3d 362, 364-65 (7th Cir. 2015) (noting difficulty of determining when policy seriously burdens exercise of religion but accepting for summary judgment purposes that Navajo prisoner's inability to eat game meat at Ghost Feast had serious effect on exercise of his religion), the burden shifts to the prison to show its policy "(1) [was] in furtherance of a compelling governmental interest; and (2) [was] the least restrictive means of furthering that compelling governmental interest." Id. (quoting § 2000cc-1(a)). In Holt, prison officials argued that the prison's grooming policy represented the least restrictive means of furthering a broadly formulated interest in prison safety and security, but the Supreme Court stated that RLUIPA "contemplates a 'more focused' inquiry and 'requires [prison officials] to demonstrate that the compelling interest test is satisfied through application of the challenged [policy] 'to the person' -- the particular claimant whose sincere exercise of religion is being substantially burdened." Id. (quoting Burwell v. Hobby Lobby Stores, Inc., 134 S. Ct. 2751, 2779 (2014)). In this case, that means the enforcement of the DOC's refusal to allow Payne a therapeutic meal tray in the evening, after sunset, at the same time as the other Muslim inmates received their regular Ramadan meal trays.

In Payne's case, the District Court did not have the benefit of Holt in analyzing the RLUIPA claim, and thus consideration in light of Holt is warranted. On remand, the only relief potentially available to Payne for his RLUIPA claims is injunctive or declaratory. RLUIPA does not allow for the recovery of money damages. See Sharp v. Johnson, 669 F.3d 144, 154 (3d Cir. 2012) ("RLUIPA does not permit an action against Defendants in their individual capacities . . . . Thus, RLUIPA cannot impose direct liability on Defendants."). We note that Payne was transferred to the State Correctional Institution-Mahanoy, but the Magistrate Judge determined that his RLUIPA claim for declaratory and injunctive relief against Reverend Klemm in his official capacity was not moot because Klemm is the DOC official responsible for promulgating the statewide departmental policy on Ramadan and there is a reasonable likelihood that Payne will encounter the same conflict wherever he is incarcerated in Pennsylvania.[3] The District Court appears not to have disagreed with this determination. District Court Opinion, at 2 n.1.

For the foregoing reasons, we will summarily affirm in part, and vacate and remand in part. Appellant's motion for appointment of counsel is denied as moot.

---

[3] Payne's claims for declaratory and injunctive relief against Zwierzyna, Rasheed, and Magee are moot because of Payne's transfer to an institution other than SCI-Camp Hill.